IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

OCTAVIAN LEVAR HODGES,                                                         PETITIONER

V.                                          CIVIL ACTION NO.: 1:14CV103-SA-JMV

STATE OF MISSISSIPPI and
ATTORNEY GENERAL OF THE STATE OF MISSISSIPPI,                  RESPONDENTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of Octavian Levar Hodges for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges the calculation of his sentence of imprisonment. Respondents have moved to dismiss the petition as moot, or, alternatively, for failure to state a claim or as procedurally barred. Hodges has not filed a response to Respondents' motion, and the time to file a response has expired. This matter is now ripe for resolution. For the reasons set forth below, Respondents' motion is granted, and the instant petition is dismissed.

**Discussion**

In the Circuit Court of Lowndes County, Mississippi, Octavian Levar Hodges pleaded guilty to the crime of possession of cocaine and was sentenced by Order filed November 30, 2007, to serve a term of imprisonment of eight years. Mot. to Dismiss, Ex. A. Hodges' sentence was suspended, and he was placed on probation for five years. *Id.* By Order filed May 23, 2008, Hodges' probation was revoked, and he was ordered to serve the full eight years in the custody of the Mississippi Department of Corrections ("MDOC"). *Id.*, Ex. B. Thereafter, Hodges pleaded guilty to the crime of shooting into a dwelling and was sentenced by Order filed November 17, 2008, to serve a term of one year, said sentence to run consecutively to any other

sentence. *Id*., Ex. C. The November 2008 sentencing Order also provided that Hodges was to be placed on post-release supervision for five years after his release from confinement. *Id*.

Hodges' "Sentence Computation Record," as maintained by MDOC, reflects that Hodges was released on parole on April 9, 2010. Mot. to Dismiss, Ex. D. His post-release supervision was once more revoked, however, by Order filed November 3, 2011, and Hodges was sentenced to serve the remaining five years of his sentence in MDOC custody. *Id*., Ex. E. Hodges' computation record indicates that he was most recently released on parole on October 8, 2014. *Id.*, Ex. D.

On or about June 16, 2014, Hodges submitted the instant petition, maintaining that he should have been released on parole by the time he filed his habeas petition. He does not challenge the merits of his pleas and sentences, nor does he challenge the revocation proceedings. Rather, he asks the Court "to investigate this matter so that [he] may obtain [his] release." ECF No. 1, 14. The records filed in this action demonstrate that Hodges was released on parole on October 8, 2014. The Court finds that because Hodges has now obtained the relief he seeks, the instant petition should be dismissed as moot.

Alternatively, the Court finds that the petition should be dismissed for failure to state a claim. The instant petition is governed by 28 U.S.C. § 2254, which provides that a court "shall entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Here, Hodges' allegations - whether his sentence was computed properly and whether he should have been earlier released on parole - concern State law. *See* Miss. Code Ann. §§ 47-7-1, *et seq*. (parole statutes).

Mississippi's parole statutes confer absolute discretion on the Parole Board and afford a prisoner no constitutionally protected interest in parole. *See, e.g., Scales v. Mississippi State Parole Board*, 831 F.2d 565, 566 (5th Cir. 1987) ("In Mississippi, the absolute discretion conferred on the Parole Board affords a prisoner no constitutionally recognized liberty interest" in parole); *Irving v. Thigpen*, 732 F.2d 1215, 1217-18 (5th Cir. 1984) (holding that "the Mississippi [parole] statute does not create any constitutionally protected liberty interest in parole"). Parole, rather, is a matter of grace. *Davis v. State*, 429 So. 2d 262, 263 (Miss. 1983). Accordingly, Hodges' claim that he should have been earlier released on parole fails to state a constitutional claim, and the instant petition should be dismissed.[1]

**Conclusion**

For the reasons set forth herein, Respondents' "Motion to Dismiss" is **GRANTED**, and the instant petition is **DISMISSED WITH PREJUDICE**. Any pending motions are **DISMISSED AS MOOT**. A separate final judgment will enter today.

**SO ORDERED** this the 17th day of December, 2014.

/s/ Sharion Aycock
Chief Judge
U.S. DISTRICT COURT
NORTHERN DISTRICT OF MS

---

[1] Because the Court finds that Hodges' petition is both moot and fails to state a constitutional claim, it is unnecessary to address Respondents' argument that the petition is also procedurally defaulted.